MAY TERM, 1881, No. 95.                          MAY 23D, 1881.

# John G. Smith's Appeal.

1. A judgment note given by a married woman for money borrowed to pay
the collateral inheritance tax on real estate devised to her is void.
2. A direction by a testatrix in her will that all her "just debts" shall be
paid, creates no new debt against her estate.
3. Nor does her naked promise during life to pay a void judgment create any
legal obligation to do so.

APPEAL from the decree of the Orphans' Court of *Hunt-
ingdon County.*

Mrs. Elizabeth Smith died on the 17th of May, 1878, hav-
ing previously made a will, in which she directed all of her
"just debts" to be paid by her executor. At the time of
the execution of this will she told J. F. Thompson, who drew
the instrument, and whom she appointed her executor, "that
she hadn't many debts of any account, excepting a judg-
ment that was on the docket in town; that it was in the
neighborhood of $400, which was money that she had bor-
rowed to pay the collateral inheritance tax on the place that
she lived on, which her father had willed to her." The
judgment referred to was one confessed to Wesley Miller by
the said Elizabeth Smith and John G. Smith, her husband,
for $408, with interest from March 26th, 1877, and attorney's
commissions and costs. At the time of its entry both the
testatrix and her husband had separate real estate sufficient
to secure it. The proceeds, $400, were borrowed for the
purpose of paying collateral inheritance tax on the real

[John G. Smith's Appeal.]

estate devised to the testatrix by her reputed father.  This tax, amounting to $346.05, was paid, and the balance was retained by the testatrix.

Before the auditor appointed to distribute the balance ·in the hands of the executor, Mrs. Jane Miller, a devisee and legatee under the will of the testatrix, objected to the payment of the Miller judgment on the ground that it had been given by a married woman, and was as to her, void.

The auditor found " that although the note and the judgment are void as against the wife, your auditor is of opinion that the $400, which Miller loaned her, with interest from the time it was loaned, is a just and legal claim against her estate, and that it should be paid out of the funds in the hands of her executor," and made distribution in accordance with this finding.

Counsel for Mrs. Jane Miller excepted on the ground that the auditor erred in appropriating any part of the fund to the claim of Wesley Miller, and the court below, DEAN, P. J., sustained the exception, and directed the auditor to reform his report accordingly.  The reformed report was confirmed absolutely February 23d, 1881, and from this decree John G. Smith appealed, assigning as errors the refusal of the Court to confirm the first report of the auditor and the confirmation of the reformed report.

*R. M. Speer* and *E. S. McMurtrie* for the appellant.

There is no law which prohibits a married woman from paying her just debts, even if they have the misfortune to be evidenced by a judgment.  In her will she directs her " just debts " to be paid, and she called the attention of her executor to this one especially.  Mrs. Jane Miller has no right to be heard.

Money advanced at the request of a married woman for the purpose of paying collateral tax should be placed with advancements for the repair and improvement of her real estate: Mahon *v.* Gormley, 12 Harris, 80 ; Lippincott *v.* Leeds, 27 P. F. Smith, 420.  There are exceptions to the general rule that parole evidence is not admissible to control the interpretation of a will: Powell *v.* Biddle, 2 Dallas, 70 ; Missionary Society's Appeal, 6 Casey, 425 ; Rewalt *v.* Ulrich, 11 Harris, 388 ; Postlethwaite's Appeal, 18 P. F. Smith, 478 ; Brownfield *v.* Brownfield, 8 Harris, 55, and 2 Jones, 136 ; Zeigler *v.* Eckert, 6 Barr, 13 ; Baily *v.* Herkes, 1 P. & W., 126 ; Reck's Appeal, 28 P. F. Smith, 432.  In this case parole evidence was admissible to show that by the words " just debts " the testatrix included the Wesley Miller claim.

[John G. Smith's Appeal.]

*Samuel T. Brown* and *John M. Bailey* for the appellee.

The appellant, John G. Smith, has no status in court. Only a party to a judgment can reverse it: Watson *v.* Willard, 9 Barr, 92. A surety in an independent instrument is no party: Giltinan *v.* Strong, 14 P. F. Smith, 242. If the appellant was surety for the money, he could have paid off the claim and been subrogated to the rights of Miller. A surety cannot sue until he has paid the debt: Powell *v.* Smith, 8 Johns Rep., 249; Miller *v.* Howry, 3 P. & W., 374. A married woman is not bound by her note given to pay for necessaries, and she cannot contract for borrowed money to pay off an existing incumbrance against her estate: Glyde *v.* Keister, 8 Casey, 85; Berger *v.* Clark, 29 P. F. Smith, 340; Schlosser's Appeal, 8 P. F. Smith, 493; Steinman *v.* Ewing, 7 Wr., 63; Keiper *v.* Helfricker, 6 Wr., 327. She could not be made liable by subsequent promises and declarations: Glidden *v.* Strupler, 2 P. F. Smith, 400. The direction of testatrix in her will that her "just debts" should be paid adds nothing to the liability of her estate: Smith *v.* Porter, 1 Binney, 209; Agnew *v.* Fetterman, 4 Barr, 56. Parole testimony is admissible only to explain latent ambiguities: Best *v.* Hammond, 5 P. F. Smith, 409. A legatee may take defence to a suit against the executor: Fritz *v.* Evans, 13 S. & R., 14; Steel *v.* Steel, 2 Jones, 66; Hoch's Appeal, 9 Harris, 280; Kittera's Estate, 5 Harris, 416; Ritter's Appeal, 11 Harris, 95; Stineman's Appeal, 10 Casey, 394.

PER CURIAM: The direction in the will of Elizabeth Smith that all her just debts be paid was merely declaratory of what the law required in the absence of such direction. It created no new debt against her or her estate. A judgment absolutely void as against her did not thereby become her just debt. A void judgment in contemplation of law is no debt. Her naked promise during life to pay such a judgment would not create any legal obligation on her part to do so. Verbally referring to it as one to be paid after her death imparted no new life or force to it, and imposed no binding obligation on the executor to pay it. The learned judge was right in disallowing it in the distribution.

Decree affirmed, and appeal dismissed at the cost of the appellant.